IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DOMINIQUE A. GILORMINI-DE GRACIA, TATIANA COLORADO APONTE; and the Conjugal Partnership constituted by them,<br><br>Plaintiffs<br><br>v.<br><br>UNIVERSIDAD INTERAMERICANA DE PUERTO RICO, INTER AMERICAN UNIVERSITY OF PUERTO RICO, INC.; JOSÉ R. MUÑOZ ÁVILA; JULIO FONTANET; RAFAEL RAMÍREZ RIVERA; AIG INSURANCE COMPANY - PUERTO RICO; JOHN DOE; JANE DOE; ACME INSURANCE.<br><br>Defendants | CIVIL No.: 22-1592<br><br>RE: COBRA, BREACH OF CONTRACT; WRONGFUL TERMINATION, RETALIATION, DISCRIMINATION, DEFAMATION, TORT DAMAGES<br><br>JURY TRIAL IS REQUESTED |

## COMPLAINT

**TO THE HONORABLE COURT:**

COME NOW plaintiffs DOMINIQUE A. GILORMINI-DE GRACIA ("Gilormini"), TATIANA COLORADO APONTE ("Colorado"), and their Conjugal Partnership (hereinafter jointly referred to as "Plaintiffs") through the undersigned counsel, and very respectfully state, allege and pray as follows:

### I. NATURE OF THE ACTION

1. This is an action brought by Plaintiffs pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., to recover civil penalties, attorney's fees and court costs as a result of defendant

Universidad Interamericana de Puerto Rico, Inter American University of Puerto Rico, Inc.'s ("UIPR") violation of Section 606 of the Consolidated Omnibus Reconciliation Act ("COBRA"), 29 U.S.C. §1166.

2. This action also includes claims against defendants for Breach of Contract under the new Civil Code of Puerto Rico; Wrongful Discharge (unjust Dismissal and constructive discharge) under Act. No. 80 of May 30, 1979, as amended, 29 L.P.R.A. §185a, et seq. ("Act No. 80"); Retaliation under Act No. 115 of December 20, 1991, as amended, 29 L.P.R.A. §194a, et seq. ("Act No. 115"); Discrimination because of marriage under Act. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 ("Act No. 100") and Defamation and Tort Damages pursuant to the Libel and Slander's Act of Puerto Rico and under Articles 1536 and 1540 of the new Puerto Rico Civil Code, 31 L.P.R.A. §§10801 and 10805 (formerly Articles 1802 and 1803 of the Puerto Rico Civil Code of 1930).

3. Plaintiffs bring this action to remedy the depravation of rights secured to them under the laws of the United States of America and Puerto Rico.

4. The Plaintiffs request this Honorable Court, among other things, compensation for mental and emotional sufferings, compensation for economic and moral damages, back pay, front pay, reinstatement and loss of benefits.

## II. JURISDICTION

5. The facts set forth in the instant Complaint constitute violations of Plaintiffs' right to continue health coverage and are actionable under Sections 502(a)(1)(A) and 502(c) of the COBRA, 29 U.S.C.§§1132(a)(1)(A) and 1132(c).

6. This Honorable Court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§1331, inasmuch it arises under Section 502(a), (c) and (e) of ERISA, 29 U.S.C. §§1132(a), (c) and (e).

7. Plaintiffs further invoke the supplemental jurisdiction of this Honorable Court under 28 U.S.C. §1367 to hear and decide claims arising under the Laws of the Commonwealth of Puerto Rico, because these arose from the same nucleolus of operative facts.

8. Venue is proper in this District, pursuant to 28 U.S.C. §§1391(b)(1) and (2), because UIPR failed to give Plaintiff Gilormini notice of entitlement to elect to continue family health coverage upon his wrongful and retaliatory discharge; the defendants reside and/or may be found in this District; and the ERISA plan in controversy is administered in the Commonwealth of Puerto Rico. 29 U.S.C. §1132(e).

### III.   JURY TRIAL DEMANDED

9. Plaintiffs demand a jury trial on all causes of action pleaded in this case.

### IV. PARTIES

10. Plaintiff, Gilormini, is a natural person, of legal age, married to Colorado, and is resident of San Juan, Puerto Rico. Plaintiff's physical and postal address is: K27, Calle 1, Mansiones de Vilanova, San Juan Puerto Rico 00926. At all relevant times herein, Gilormini was employed by Defendant.

11. The co-plaintiff Colorado is a natural person, of legal age, married to Gilormini, and is resident of San Juan, Puerto Rico. Colorado's physical and postal address is: K27, Calle 1, Mansiones de Vilanova, San Juan Puerto Rico 00926. At all relevant times herein, Colorado was employed by Defendant.

12. Co-defendant UIPR is a corporation organized under the laws of the Commonwealth of Puerto Rico, with registry number 8230 before the Puerto Rico Department of State, that operates a private educational institution known as Universidad Interamericana de Puerto Rico.

13. UIPR's physical address is Calle Galileo Final #399, Jardines Metropolitanos, San Juan, Puerto Rico 00927-4518 and its postal address is P.O. Box 363255, San Juan PR 00936-3255; with phone number (787) 766-1912.

14. At all relevant times, UIPR maintains a Group Health Plan for its employees.

15. At all relevant times, UIPR has been the plan sponsor, named fiduciary and plan administrator of the Group Health Plan established within the meaning of 29 U.S.C. §1002(16)(A), 29 U.S.C. §1002(16)(B) and 29 U.S.C. §1002(21)(A) and has continuously employed in excess of 20 employees in each of 20 or more calendar weeks in the current or preceding calendar year.

16. At all times, UIPR has been an "employer", as defined by all applicable statues.

17. Co-defendant José R. Muñoz Ávila ("Muñoz"), is of legal age and resident of the Commonwealth of Puerto Rico. At all times relevant to the claims set forth herein, Muñoz was the Chairman of the Board of Directors of UIPR.

18. Co-defendant Julio Fontanet ("Fontanet") is of legal age and resident of the Commonwealth of Puerto Rico. At all times relevant to the claims set forth herein, Fontanet was the Dean of the School of Law of UIPR.

19. Co-defendant Rafael Ramírez Rivera ("Ramírez") is of legal age and resident of the Commonwealth of Puerto Rico. At all times relevant to the claims set forth herein Ramírez was the Acting President of UIPR.

20. Co-defendant AIG Insurance Company – Puerto Rico ("AIG") is a business entity that has issued one or more insurance policies in favor of the Defendants which cover the liability of the nature alleged in the present action.

21. Co-defendants John Doe and Jane Doe are one or more adult persons who acted to foment, facilitate, support or otherwise cause damages as a result of the illegal actions included herein and whose identities are unknown at this time.

22. Co-defendant ACME Insurance is another business entity organized as a corporation under the laws of the Commonwealth of Puerto Rico or is another business structure authorized to market and sell insurance in the Commonwealth of Puerto Rico, which may have issued, for the times relevant hereto, one or more insurance policies in favor of the other named codefendants, which cover the liability of the nature alleged in the present action and that is unknown at this time.

23. All Co-defendants may be collectively referred to as "Defendants".

## V. STATEMENT OF CLAIM

24. Plaintiff Gilormini worked for over 9 years with Defendant UIPR. He was the Executive Director of the Office of the President of UIPR. Gilormini was also a Tenured Full Time Professor at UIPR's School of Law.

25. Throughout the years Gilormini was employed at the UIPR he excelled in his performance and consistently received favorable evaluations and salary increases as a result.

26. At all times relevant, Gilormini conducted himself as an excellent and distinguished professional. He carried out his responsibilities with outmost fairness integrity and a great sense of responsibility. He committed no action or inaction that could even remotely be deemed just cause for his termination.

27. On June 21, 2022, Gilormini was wrongfully terminated from his position as Executive Director of the Office of the President of UIPR in retaliation for his internal complaints regarding questionable conduct and conflict of interests of the Chairman of the Board of Trustees of UIPR, co-defendant José Muñoz, with consultants/contractors of the Board such as Manuel E. Maldonado Cotto, President and CEO of Intelligence and Forcasting Corp; also with the architect and lawyer of the Orlando Development Project that Gilormini as part of his duties was requested to coordinate.

28. Gilormini also filed a complaint with the Middle States Commission on Higher Education ("MSCHE") reporting and complaining about the illegal conduct

and violations to the faculty manual. As a result, defendants also illegally terminated Gilormini's tenured professor position.

29. On March 10, 2022, Gilormini complaint and communicated to Trustee Domingo Más, Chair of the Auditing and Compliance Committee, his concerns with co-defendant José Muñoz of conflicting conduct in connection with the Orlando Development Project and the consultants of the Administration that included the lawyer and the architect contrary to the statues of the University.

30. Inasmuch, Trustee Domingo Más was the Chair of the Auditing and Compliance Committee, Gilormini approached him expecting the due diligence of investigating the conduct of the Chairman of the Board, co-defendant José Muñoz. On that same date, Gilormini also reported to and complaint with Trustee Manuelita Muñoz Rivera about conflicting conduct of contractors and the selection of the insurance broker company, Marsh Saldaña. Co-defendant José Muñoz requested donations for the Board's Golf Tournament while it was still in the bidding process before the Board of Trustees and being selected without disclosure of the conflict of interest.

31. Trustee Domingo Más agreed to Gilormini's concerns and shared the same concern about offensive and hostile conduct of co-defendant José Muñoz towards Girolimini and the Administration. Trustee Manuelita Muñoz Rivera was also concerned with Gilormini's complaint and referral of a clear conflict of interest. Gilormini also shared his concerns and complaint to the President at the time and his direct supervisor Manuel J. Fernós López-Cepero ("Fernós").

32. As a direct result of Gilormini's complaints to Trustee Domingo Más, Trustee Manuelita Muñoz Rivera and then President Fernós of the Chairman's and contractors suspicious conflictive conduct, on March 23, 2022 co-defendant José Muñoz order the immediate suspension of Gilormini without any due process and in retaliation.

33. President Fernós confirmed to Gilormini that he was being used as scapegoat by codefendant José Muñoz in retaliation for his complaints of illegal conduct. Co-defendant José Muñoz fabricated and continues to fabricate false allegations of fraud against Gilormini that have harmed his reputation and well-being professional and in his personal life.

34. Co-defendant Rafael Ramírez Rivera directly participated in the wrongful and retaliatory termination of Gilormini and has promoted the defamatory and false campaign against him in conjunction with co-defendant José Muñoz.

35. Gilormini is a private citizen and defendants have violated his rights and have caused damage to him to the extent of creating fake news, rumors, defamation and slander against Gilormini by instigating and promoting gossip of fraud in news and media programs such as Mayra López Mulero and Jay Fonseca to harm him.

36. Defendants have created and instructed their office of public relations and communications to fabricate a false and defamatory media campaign against Gilormini including contacting radio commentators and personalities such as Angel

8

Rosa to destroy Gilormini's reputation in retaliation for his internal complaints and to the MSCHE.

37. Gilormini's position as Executive Director of the Office of the President at the time Manuel Fernós was not subordinate to the Chairman of the Board of Trustees, co-defendant José Muñoz. Gilormini had a duty to report and complaint any suspicious conduct that could affect the institution.

38. President Fernós was forced by the Chairman of the Board, co-defendant José Muñoz to suspend Gilormini in retaliation for his complaints of illegal conduct by continued threats of insubordination to Fernós.

39. As a result of his wrongful termination as Executive Director of the Office of the President of UIPR, Gilormini has also been retaliated and, *de facto,* illegally terminated as a tenured faculty member of the School of Law of UIPR in violation of all contractual obligations and due process requirements pursuant to the Full-Time Faculty Handbook and Puerto Rico Supreme Court precedent.

40. Co-defendants Julio Fontanet as Dean of the School of Law, José Muñoz as Chairman of the Board of Trustees and Rafael Ramírez Rivera as Acting President, all lacked any valid reasons whatsoever to breach the university's tenured professor contract with Gilormini. By unlawfully breaching the contract between the UIPR and plaintiff Gilormini, all defendants are liable for any and all damages caused by this contractual breach.

41. Defendants have breached the contractual duties towards Gilormini as a tenured professor of law by not providing any due process as required by the

9

contractual obligations, not assigning him any academic load, canceling his medical insurance without notification and not paying him his salaries.

42. Defendants' retaliatory conduct because of Gilormini's complaint extended throughout the administration creating a hostile working environment towards Co-plaintiff Colorado for reason of her marriage to Gilormini.

43. Plaintiff Colorado worked for UIPR in the office of Academic and Student Affairs for approximately 8 years with an excellent track record.

44. However, plaintiff Colorado was forced to resign to her position as "Vicepresidenta Auxiliar de Relaciones Internacionales" because of the hostile work environment that defendants created against her as part of their discrimination because of her marriage to Gilormini.

45. Defendants harassed, humiliated, persecuted and discriminated Colorado because of her marriage to Gilormini in light of Gilormini's complaints against the Chairman of the Board, codefendant José Muñoz, to the extent that she had no other alternative but to resign.

46. As a direct and proximate result of the acts described above, plaintiffs have suffered and continue to suffer public humiliation, emotional stress and mental anguish because of the unfair, retaliatory and discriminatory treatment plaintiffs received at the hands of the defendants and because of the hardships caused by the unlawful, unjustified and abusive terminations and defamatory persecution.

47. Defendants are jointly and severally liable for all of the damages caused to Plaintiffs as a result of the discriminatory, retaliatory and illegal conduct related herein.

## FIRST CAUSE OF ACTION

## (Violation of ERISA-COBRA Federal Law)

48. Averments 1 through 47 are incorporated and made part of this cause of action.

49. During the term of his employment, Gilormini was a participant of the group health plan maintained by UIPR through Triple-S Health Insurance Company, a private insurance company.

50. During the term of Gilormini's employment with UIPR, neither UIPR nor the group health plan, provided Gilormini with notices of his rights under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"). He was not provided the initial notice, nor the final notice as required by federal law.

51. Gilormini's employment termination was a qualifying event under Section 603 of the Act (29 U.S.C. 1163).

52. After Gilormini's termination of employment, UIPR did not comply with applicable COBRA group health plan notification requirements with respect to Gilormini. This noncompliance on part of Defendant was willful and done in bad faith.

53. Gilormini's health plan was cancelled without any notice and he became aware of said cancellation upon using it to attend his medical conditions and being declined coverage at the service providers.

54. UIPR's cancellation of plaintiff's medical health plan without any notice and failure to provide Gilormini notice of his right to elect continuation

coverage of his health plan constitutes a violation of his rights and of the explicit disclosure requirements imposed by ERISA-COBRA federal law and as a result thereof, UIPR is liable to him.

55. Under ERISA-COBRA federal law, UIPR is subject to a penalty of $110 for each day that the violation occurred, reasonable attorney's fees and costs under ERISA

## SECOND CAUSE OF ACTION

### (Breach of Contract)

56. Averments 1 through 55 are incorporated and made part of this cause of action.

57. The acts and conduct of the defendants named herein constitute violations of the contract plaintiff Gilormini had as a tenured full-time professor with UIPR at its School of Law, for which all defendants are liable for breach of contract under Puerto Rico's Civil Code.

58. The value of the salaries and benefits lost, as well as of the contractual damages suffered by the plaintiffs far exceeds $1,000,000.00.

## THIRD CAUSE OF ACTION

### (Retaliation)

59. Averments 1 through 58 are incorporated and made part of this cause of action.

60. Plaintiffs request this Honorable Court to, under 28 U.S.C. §1367, exercise supplemental jurisdiction over plaintiffs' state-law claim brought pursuant to Puerto Rico Law No. 115 of December 20, 1991 against codefendant UIPR.

61. Plaintiff Gilormini is entitled to back pay, damages, a sum equal to twice the number of damages sustained by him on account of defendants' actions, costs and attorney's fees.

62. Puerto Rico Act No. 115, prohibits employers from retaliating against an employee by reason of said employee's participation in an activity protected by the statute.

63. Gilormini was subject to retaliation in violation of Puerto Rico Act No. 115 because of his internal complaints against codefendant José Muñoz and to the MSCHE.

## **FORTH CAUSE OF ACTION**

### **(Wrongful Termination / Constructive Discharge)**

64. Averments 1 through 63 are incorporated and made part of this cause of action.

65. Plaintiffs request this Honorable Court to, under 28 U.S.C. §1367, exercise supplemental jurisdiction over plaintiffs' state-law claim brought pursuant to Puerto Rico Law No. 80 of May 30, 1976 against codefendant UIPR.

66. Puerto Rico Law No. 80 of May 30, 1976 prohibits dismissal of employees without just cause.

67. Plaintiff Gilormini was wrongfully terminated from his position as Executive Director of the Office of the President without just cause. As such UIPR is liable to Gilormini and he is entitled to the severance payment provided by Law No. 80.

68. Also, defendants' actions and conduct caused plaintiff Colorado's resignation to her employment.

69. Defendants submitted plaintiff Colorado to humiliation and a hostile work environment because of her marriage with plaintiff Gilormini and his complaints against the Chairman of the Board, codefendant José Muñoz, his contractors and to the MSCHE.

70. Defendants' actions and conduct created an intimidating, hostile and offensive work environment.

71. Defendants did not correct or remedy plaintiff Colorado's situation at the workplace.

72. As a result of Defendants' actions and conduct the only reasonable alternative plaintiff Colorado had left was to give up her job.

73. Defendants' actions and conduct were in strict violation to Puerto Rico Law No. 80 of May 30, 1976. As such, co-defendant UIPR is liable to Colorado and she is entitled to the severance payment provided by Law No. 80.

74. Plaintiffs reserve the right to amend the allegations of the complaint pursuant to law and/or as a result of the case proceedings, including discovery.

14

## FIFTH CAUSE OF ACTION

**(Discrimination because of marriage; Damages under Article 1536 and 1540 of the Puerto Rico Civil Code of 2020)**

75. Averments 1 through 74 are incorporated and made part of this cause of action.

76. Plaintiffs request this Honorable Court to, under 28 U.S.C. §1367, to exercise supplemental jurisdiction over plaintiff Colorado's state-law claim brought pursuant to Puerto Rico Law No. 100 of June 30, 1959 against codefendant UIPR and codefendant José Muñoz and codefendant Rafael Ramírez Rivera.

77. Plaintiff Colorado is entitled to back pay, damages, a sum equal to twice the number of damages sustained by her on account of Defendants' actions, costs and attorney's fees.

78. Law No. 100 prohibits discrimination in the workplace because of marriage.

79. Plaintiff Colorado was subject to discrimination and a hostile work environment because of her marriage with Gilormini because of his complaints against co-defendant José Muñoz and to the MSCHE; for which defendants UIPR, José Muñoz and Rafael Ramírez are all liable, in accordance with the jurisprudence of the Supreme Court of Puerto Rico in *Rosario Toledo et al., v. Distribuidora Kikuet et al.*, 151 P.R.D. 634 (2000). This Court has supplemental jurisdiction to hear and adjudicate these claims.

80. As a result of Colorado's discriminatory and hostile work environment because of marriage in violation of Act No. 100, Gilormini and the conjugal partnership Girlormini-Colorado have suffered considerable emotional, mental, financial and moral damages for which the defendants UIPR, José Muñoz and Rafael Ramírez are jointly and severally liable to them under Articles 1536 and 1540 of the new Puerto Rico Civil Code, 31 L.P.R.A. §§10801 and 10805 (formerly Articles 1802 and 1803 of the Puerto Rico Civil Code of 1930)

## SIXTH CAUSE OF ACTION

### (Defamation and Damages)

81. Averments 1 through 80 are incorporated and made part of this cause of action.

82. The defendants are liable to the plaintiffs for incurring in defamation and/or negligent handling of defamatory comments that were promulgated by defendants to the media and new programs.

83. The defamation and gossip against Gilormini who is a private citizen has been promulgated by defendants and republished again and again in different news outlets and news programs such as Mayra López Mulero, Jay Fonseca, Bonita Radio and Angel Rosa.

84. The defamation caused by defendants damaged Gilormini's reputation amongst UIPR, its School of Law and his peers and colleagues.

85. The defendants promoted the continuous dissemination of the defamatory and false statements against Gilormini, including giving instruction to

their office of public relations and communications to harm the reputation of Gilormini by communicating false statements and contacting radio commentators such as Angel Rosa about it.

86. These false and defamatory comments were made and published to third parties.

87. Gilormini suffers and continues to suffer severe anxiety, depression and mental stress due to the Defendants' intentional and/or negligent actions and/or omissions with regards to the handling of the defamatory statements.

88. The Defendants' intentional and/or negligent actions and/or omissions with regards to the handling of the defamatory statements is the direct and proximate cause of Gilormini's continuous and increasing severe anxiety, depression and mental stress, and any other damages.

89. Defendants' actions constitute an act or omission which caused damages to Gilormini. Said act or omission was incurred due to fault or negligence.

90. The Defendants are liable to Gilormini pursuant to the Libel and Slander Act of Puerto Rico and PRCC, 31 LPRA secs. 5141, 5142.

91. John and Jane Doe's actions constitute an act or omission which caused damage to Plaintiffs. Said act or omission was incurred due to fault or negligence.

92. John and Jane Doe's are liable to Plaintiff Gilormini pursuant to the Libel and Slander Act of Puerto Rico and PRCC, 31 LPRA secs. 5141, 5142.

93. All before mentioned Defendants are jointly and severally liable for their negligent and intentional tort actions.

94. As a result thereof, Defendants' are liable for compensatory and statutory damages pursuant to the Libel and Slander Act of Puerto Rico and PRCC, 31 LPRA secs. 5141, 5142.

95. Plaintiff Gilormini's damages cannot be reasonably calculated at this time, but are estimated in an amount no less than $1,000,000.00 as just compensation for his continuous and increasing severe anxiety, depression and mental stress, and any other damages, past, present and future damages under this cause of action

## SEVENTH CAUSE OF ACTION

### (Insurance companies are jointly and severally liable)

96. Averments 1 through 95 are incorporated and made part of this cause of action.

97. Co-defendant AIG Insurance Company and ACME Insurance are directly, jointly and severally liable, along with the other co-defendants to the plaintiffs for the damages caused by their insured, pursuant to the terms and coverage of their respective policy of insurance.

## PRAYER FOR RELIEF

**WHEREFORE**, all allegations considered, Plaintiffs respectfully pray that judgment be entered in their favor in the following manner:

1. Award under ERISA-COBRA federal law a penalty against UIPR of $110 for each day that the violation occurred, reasonable attorney's fees and costs under ERISA

2. Compensatory damages for plaintiff Gilormini for his humiliation, embarrassment, mental anguish and emotional suffering in an amount no less than one million dollars ($1,000,000.00).

3. Compensatory damages for plaintiff Colorado for her humiliation, embarrassment, mental anguish and emotional suffering in an amount no less than one million dollars ($1,000,000.00).

4. Double damages pursuant to State Law.

5. Reinstatement of plaintiff Gilormini to his position as tenured full-time professor at UIPR's School of Law, and payment of all salaries, benefits and fringe benefits he would have earned had he not been terminated.

6. Order the defendants to make plaintiffs whole, by ordering the payment of loss of income, back pay, front pay and loss of benefits, in the amount of no less than $1,000,000.00.

5. Award the Plaintiffs compensatory and punitive damages caused as a result of the illegal actions and omissions.

6. Award payment to Gilormini and Colorado of their corresponding severances or "mesadas" for their wrongful and constructive termination from their administrative positions, respectively, provided by Puerto Rico Law No. 80 of May 30, 1976, as grandfathered by Law No. 4 of January 26, 2017.

7. Award the Plaintiffs the costs of this action, together with reasonable attorney's fees.

8. Award the Plaintiffs any pre and post judgment interests.

9. Award the Plaintiffs any other remedies and relief to which they may be entitled to, under the laws invoked in this Complaint, and in equity.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 30th day of November, 2022.

**JESSICA A. FIGUEROA ARCE, ESQ.**
Attorney for Plaintiffs
300 Ave. La Sierra #135
San Juan, P.R. 00926
Tel.:   (787) 630-9687
*s/ Jessica A. Figueroa-Arce*
USDC-PR No. 225206
jessica@figueroalc.com
